NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZiLOG, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Quicklogic Corporation, <br><br> Defendant. <br> _____/ | NO. C 03-03725 JW <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND INITIAL DISCLOSURE OF ASSERTED CLAIMS AND PRELIMINARY INFRINGEMENT CONTENTIONS; DENYING MOTION TO STRIKE** |

## I. INTRODUCTION

ZiLOG ("Plaintiff") initiated this patent infringement suit against Quicklogic ("Defendant") in August of 2003. Presently before the Court is ZiLOG's motion for leave to amend its initial disclosure of asserted claims and preliminary infringement contentions. The motion is scheduled for hearing on March 13, 2006. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, the Court GRANTS the motion.

## II. BACKGROUND

On August 11, 2003, Plaintiff ZiLOG filed suit against Defendant Quicklogic alleging the infringement of claim 1 of U.S. Patent No. 4,670,749 ("the '749' patent"). On November 17, 2003, Defendant submitted a request to the United States Patent Office ("USPTO") seeking reexamination of the '749 patent. Defendant then filed a motion to stay the proceedings pending the conclusion of

the reexamination. This Court denied the motion as "premature" because the USPTO had not yet granted Defendant's request to reexamine the '749 patent. (Order denying Mot. to Stay, at 2.) On February 5, 2004, the USPTO granted the request and about three weeks later, Defendant renewed its motion to stay the proceedings. On March 23, 2004, Plaintiff served its Preliminary Infringement Contentions. Eight days later, this Court granted the motion to stay proceedings.

The USPTO reexamined all three claims of the '749 patent. (Decl. of G.Hopkins Exhibit C, at 4.) On February 28, 2005, the USPTO issued its decision to invalidate the first and second claims and to confirm the third claim. See Id. Plaintiff appealed the decision to the Board of Patent Appeals and Interference. The appeal is pending. (Joint Case Management Statement, at 2.) On November 7, 2005, this Court lifted the stay upon Plaintiff's request to amend its Preliminary Infringement Contentions.

Plaintiff now seeks to amend its initial disclosure of asserted claims and preliminary infringement contentions to add the third claim of the '749 patent. Defendant opposes the motion with essentially three arguments. Defendant argues that Plaintiff makes its motion in bad faith, that Plaintiff failed to act diligently, and that Defendant will suffer extreme prejudice if the motion is granted.

### III. DISCUSSION

Patent Local Rule 3-7 recites that "[a]mendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary or Final Invalidity Contentions, other than as expressly permitted in Patent Local Rule 3-6, may be made only by order of the Court, which shall be entered only upon a showing of good cause."

Applying this standard, the Court concludes first that Plaintiff acted diligently. After the USPTO issued its decision, the Court conducted a case management conference in November of 2005, at which time Plaintiff promptly sought leave to amend. Plaintiff filed its motion approximately two months after the conference. Thus, effectively no more than three months passed between the time Plaintiff filed its initial disclosure of asserted claims and preliminary infringement

2

contentions and filed the present motion for leave to amend. This constitutes sufficient diligence to meet the "good cause" standard.

Second, Defendant's purported evidence of bad faith is insufficient to justify depriving Plaintiff of its constitutionally protected right to an adjudication on the merits.

Lastly, Defendant's contention that it will suffer extreme prejudice is unpersuasive because, as stated previously, no more than three months have passed between the time Plaintiff served its initial disclosure of asserted claims and infringement contentions and the filing of this motion.

## IV.  CONCLUSION

For the reasons stated, the Court GRANTS Plaintiff's Motion for Leave to Amend Initial Disclosure of Asserted Claims and Preliminary Infringement Contentions. Lastly, Defendant's motion to strike the declaration of John Ransom is denied.

Dated: March 6, 2006          /s/James Ware
03cv3725amend                 JAMES WARE
                              United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Albert P. Bedecarre albedecarre@quinnemanuel.com
David Eiseman davideiseman@quinnemanuel.com
David A. Perlson davidperlson@quinnemanuel.com
George Hopkins Guy hopguy@orrick.com
Monte M.F. Cooper mcooper@orrick.com

**Dated: March 6, 2006**                                    **Richard W. Wieking, Clerk**

                                               **By:__/s/JW chambers_____**
                                                     **Melissa Peralta**
                                                     **Courtroom Deputy**

**United States District Court**
For the Northern District of California