IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZiLOG, Inc., | No. C-03-03725 JW |
| Plaintiff, | **PATENT SCHEDULING ORDER** |
| v. | |
| Quicklogic Corporation, | |
| Defendant. | |

The Court conducted a Case Management Conference on September 11, 2006. Present were Albert Bedecarre of Quinn Emanuel for ZiLOG, and G. Hopkins Guy III of Orrick for QuickLogic. The Court orders as follows:

**A. Initial Disclosures**

1. No later than **September 21, 2006**, ZiLOG must serve on all parties a Disclosure of Asserted Claims and Preliminary Infringement Contentions and must make available for inspection and copying the documents described in Patent L.R. 3-2.

2. No later than **November 6, 2006**, QuickLogic shall serve on all parties Preliminary Invalidity Contentions and must produce and make available for inspection and copying the documents described in Patent L.R. 3-4.

3.  No later than 30 days after the Court issues its Claim Construction Ruling, ZiLOG must serve on all parties its Final Infringement Contentions pursuant to Patent L.R. 3-6(a).

4.  No later than 20 days after service of the Final Infringement Contentions, QuickLogic must serve on all parties Final Invalidity Contentions pursuant to Patent L.R. 3-6(b).

### B. Claim Construction Proceedings

5.  No later than **November 16, 2006**, all parties must serve on all other parties Proposed Terms and Claim Elements for Construction pursuant to Patent L.R. 4-1.

6.  No later than **December 6, 2006**, all parties must serve on all other parties Preliminary Claim Constructions and Extrinsic Evidence pursuant to Patent L.R. 4-2.

7.  No later than **January 6, 2006**, the parties must file a Joint Claim Construction Statement and Prehearing Statement pursuant to Patent L.R. 4-3.  The statement shall be presented in the following chart format:

| Disputed Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
| --- | --- | --- |

The parties shall express their proposed construction in a manner suitable for incorporation into a jury instruction.

8.  Pursuant to Patent L.R. 4-4, all discovery, including depositions of expert witnesses, relating to claim construction must be completed by **February 6, 2007.**

9.  The Court will hold a Claim Construction Hearing on **February 9, 2007** from **9 AM to 12 noon**. At the hearing the Court will consider only intrinsic evidence to interpret the disputed claims, i.e., the claims themselves, the written description portion of the specification and the prosecution history.  Pertinent portions of the intrinsic evidence should be highlighted and indexed to the disputed claim language.  No testimony will be allowed, unless the Court orders otherwise, based upon a timely motion noticed for hearing at least 10 days prior to the Claim Hearing by any party wishing to present testimony.

10.  Notwithstanding Patent L.R. 4-5, the parties shall comply with the following briefing schedule:

2

      a.    <u>Opening Brief</u>: ZiLOG must serve and file its opening brief and supporting evidence on or before **January 4, 2007**. Accompanying the brief must be a proposed jury instruction which incorporates the language which the party contends should be adopted in construing the claims.

      b.    <u>Responsive Brief</u>: QuickLogic must serve and file its responsive brief and supporting evidence on or before **January 19, 2007**. Accompanying the brief must be a proposed jury instruction which incorporates the language which the party contends should be adopted in construing the claims.

      c.    <u>Reply Brief</u>: ZiLOG must serve and file any reply brief and supporting evidence on or before **January 26, 2007**.

### C.  Further Case Management Order

11.  At the conclusion of the Claim Construction Hearing, the Court will set a date and time for a further Case Management Conference to schedule subsequent events in the case.

### D.  Procedure Regarding Dispositive Motions in Patent Cases

12.  Prior to filing any dispositive motion, the moving party must first advise the Court and opposing counsel of its intention to do so by filing and serving a request for a case management conference regarding dispositive motion(s). The request must outline the undisputed factual basis and legal basis of the proposed motion(s) and a proposed briefing and hearing schedule. The Court may schedule a case management conference to establish the schedule for briefing and hearing the motion(s) in an orderly and efficient manner or may issue an order adopting the schedule proposed by the parties.

### E.  Electronic Storage of Exhibits

13. This Court has available a digital and video electronic evidence presentation system. The parties are ordered to familiarize themselves with the system, and to meet and confer about whether the case will involve voluminous documentation. If so, as the parties identify documentary material which is likely to be used as trial exhibits, the parties are ordered to electronically store these materials in a fashion which will facilitate displaying them electronically during the trial. The

3

parties are reminded that Civil L.R. 30-2(b) requires sequential numbering of exhibits during depositions and that numbering must be maintained for those exhibits throughout the litigation. Each proposed exhibit shall be pre-marked for identification. All exhibits shall be marked with numerals. The parties shall meet and confer on a division which will avoid duplication (e.g., Plaintiff: 1-99,000; Defendant #1: 100,000-299,999; Defendant #2: 300,000-500,000).

Dated: September 14, 2006

JAMES WARE
United States District Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Albert P. Bedecarre albedecarre@quinnemanuel.com
David Eiseman davideiseman@quinnemanuel.com
David A. Perlson davidperlson@quinnemanuel.com
Emily Christina O'Brien emilyobrien@quinnemanuel.com
George Hopkins Guy hopguy@orrick.com
Monte M.F. Cooper mcooper@orrick.com

**Dated: September 14, 2006**                                **Richard W. Wieking, Clerk**

                                                                        **By:   /s/ JW Chambers**
                                                                                **Elizabeth Garcia**
                                                                                **Courtroom Deputy**